FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 16 2026 ★
BROOKLYN OFFICE

Percell L. Ross
55370060
P.O. Box 329002
Brooklyn N.Y. 11232

Dear Clerk
I Previously Sent this Same motion on the 4th of Sept - not Knowing if it was Sent out of the facility b/c It wasn't marked legal-mail I Have/am Re-Sending It.

RECEIVED
SEP 17 2026
PRO SE OFFICE

ORIGINAL

---

FROM: Oswald, Lisa
TO: 55370060
SUBJECT: Page 1
DATE: 09/03/2026 10:06:01 PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

-against-

PERCELL ROSS,
Defendant.
21-cr-571 (BMC)

DEFENDANT'S SUPPLEMENTAL PRE-SENTENCING MOTION
MOTION TO WITHDRAW GUILTY PLEA, FOR AN EVIDENTIARY HEARING, AND TO REOPEN SUPPRESSION ISSUES BASED ON NEWLY OBTAINED GOVERNMENT RECORDS

Defendant Percell Ross respectfully moves, before sentence, under Fed. R. Crim. P. 11(d)(2)(B), the Due Process Clause, and the Court's inherent authority over pre-sentence proceedings for: (1) leave to withdraw his guilty plea based on newly obtained government records that were unavailable to him when he pleaded guilty; (2) an evidentiary hearing concerning the government's possession, disclosure, and materiality of those records; (3) reconsideration/reopening of the suppression record to the extent necessary to determine the effect of the new evidence on the factual premises of the July 31, 2023 Report and Recommendation and the September 21, 2023 order adopting it; and (4) alternatively, consideration of the government's nondisclosure and the unresolved factual discrepancies under 18 U.S.C. § 3553(a) at the September 23, 2026 sentencing.

Because Defendant is presently represented, he respectfully asks the Court either to accept this filing as a supplemental pro se submission, to direct present counsel to adopt or address it, or to conduct an inquiry sufficient to preserve Defendant's claims. Defendant does not seek unauthorized hybrid representation; he seeks to place newly obtained evidence before the Court before judgment becomes final.

Dated: Sept 9th, 2026

Respectfully submitted,

P. Ross
Percell Ross
Reg. No. 55370-060
Metropolitan Detention Center
Brooklyn, New York
Defendant, Pro Se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

-against-

PERCELL ROSS,
Defendant.
21-cr-571 (BMC)

DECLARATION OF PERCELL ROSS
DECLARATION UNDER 28 U.S.C. § 1746

1. I am the defendant in this federal criminal case and make this declaration from personal knowledge except where stated on information and belief.
2. I pleaded guilty in April 2024, and the Court accepted my plea in May 2024. I have not yet been sentenced; sentencing is presently scheduled for September 23, 2026.
3. Before my federal plea, I did not possess or review the federal investigative record marked 'UNCLASSIFIED,' drafted October 19, 2021, titled 'Receipt of evidence item 1B27,' which I later obtained through the Westchester Legal Aid Society in

---

approximately February or March 2026.
4. That record states that SA Mark Vere interviewed New Rochelle Detective Greg Herring, who said that he removed an iPhone from my left front pants pocket incident to arrest and placed it on the roof of a Dodge Charger. It also states that Detective Evangelos Geralis said he removed the iPhone from the roof and placed it on the front driver's seat.
5. The New Rochelle search-warrant affidavit and warrant papers dated October 19, 2021 describe the black iPhone with clear case and gray bumper as having been 'recovered on the ground near Percell Blakeney-Ross' in Brooklyn.
6. I also obtained a revised/amended Connecticut warrant affidavit/declaration which states, in substance, that on October 17, 2021 New Rochelle Police located and arrested me in New York on unrelated charges. I had not possessed or reviewed that revised Connecticut document when the suppression motion, objections, plea, or prior plea-withdrawal litigation occurred.
7. The September 21, 2023 federal order adopting the suppression R&R stated that Detective Velasco knew there were outstanding Connecticut and Virginia warrants and relied on those warrants, together with the homicide investigation, in finding reasonable suspicion for the initial stop. The Court also held that probable cause unquestionably existed after the Court's finding that I shot at officers during the encounter.
8. The December 27, 2025 decision denying withdrawal of my plea again described the out-of-state warrants as part of the reasonable-suspicion analysis and stated that counsel had not specifically objected to the R&R's warrant finding.
9. I understand that the Court has also identified grounds independent of the Connecticut warrant, including surveillance linking me and my vehicle to the homicide and the Court's factual finding concerning my conduct during the encounter. I am not representing that the revised Connecticut record automatically eliminates those independent grounds. I contend that it materially changes the factual record on which the stop/arrest litigation and my plea decisions were made and warrants an evidentiary hearing.
10. The FBI record is not offered only to attack a witness's general character. It is a contemporaneous government record bearing directly on what participating investigators said happened to physical evidence during my arrest and on whether a state detective later supplied a materially inconsistent account to obtain a search warrant.
11. Neither the FBI record nor the revised Connecticut material was presented to me in a manner that allowed me to use it in deciding whether to plead guilty, litigate suppression further, or challenge the factual premises of the government's account.
12. Had I possessed these records before my federal plea, I would have directed counsel to investigate their origin, disclosure history, and effect on the suppression record and would not have entered the plea without resolving those issues. I request a hearing at which the government can establish when the records entered federal possession, when they were disclosed, and whether they were included in the discovery available to me and counsel.
13. I further request that the Court consider these circumstances before sentencing rather than require me to wait until after judgment to attempt to raise them under 28 U.S.C. § 2255.
I declare under penalty of perjury that the foregoing is true and correct.
Executed on: Sept 5th, 2026
Brooklyn, New York

P. Ross
Percell Ross

---

~~FROM: Osswald, Lisa~~
~~TO: 55370060~~
~~SUBJECT: Page~~ 2
~~DATE: 09/03/2026 10:08:01 PM~~

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

-against-

PERCELL ROSS,
Defendant.
21-cr-571 (BMC)

MEMORANDUM OF LAW
MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTAL PRE-SENTENCING MOTION
PRELIMINARY STATEMENT
The newly obtained materials do not erase every basis previously identified for the stop or arrest. That limitation should be stated candidly. Judge Cogan's September 21, 2023 order relied on multiple circumstances: the homicide investigation, the vehicle/surveillance evidence, the reported Connecticut and Virginia warrants, and, as an independent later basis, the Court's finding that Ross fired at officers. The December 27, 2025 decision likewise held that reasonable suspicion and probable cause existed both based on and independent of the out-of-state warrants.
The present motion therefore advances a narrower but substantial claim: before sentence, the Court should determine whether the Government withheld or failed to disclose contemporaneous federal evidence that materially undermines factual premises used in suppression and plea litigation, and whether Ross's plea remains voluntary and intelligent when he made it without that evidence.
ARGUMENT I RULE 11(d)(2)(B) REMAINS AVAILABLE BEFORE SENTENCE
Before sentence, a defendant may withdraw an accepted guilty plea by showing a 'fair and just reason.' Fed. R. Crim. P. 11(d)(2)(B). The Second Circuit considers voluntariness, assertion of legal innocence, delay, and prejudice, while recognizing that ineffective assistance or government misconduct capable of undermining the plea may supply a fair and just reason. See United States v. Albarran, 943 F.3d 106, 117-18 (2d Cir. 2019); United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). The December 27, 2025 decision applied that standard to the record then before the Court. The present motion rests on records Ross says he did not obtain until 2026.
ARGUMENT II AVELLINO PROVIDES A DIRECT SECOND CIRCUIT FRAMEWORK FOR MATERIAL GOVERNMENT EVIDENCE DISCOVERED AFTER A PLEA BUT BEFORE SENTENCE
United States v. Avellino, 136 F.3d 249 (2d Cir. 1998), arose in the Eastern District of New York and involved a defendant who discovered government-held favorable evidence after pleading guilty but before sentencing. The Second Circuit held that the government's Brady obligation can bear on the decision whether to plead guilty and framed materiality as whether there is a reasonable probability that disclosure would have led the defendant not to plead guilty and instead to proceed with the defense. Avellino denied relief because the undisclosed impeachment was cumulative and immaterial not because a pre-sentence plea could never be challenged on such a ground.
United States v. Ruiz, 536 U.S. 622 (2002), later held that the Constitution does not require pre-plea disclosure of material impeachment information. Friedman v. Rehal, 618 F.3d 142, 154-55 (2d Cir. 2010), recognized that Ruiz did not expressly decide whether the same rule extends to purely exculpatory evidence and noted the continuing uncertainty in this Circuit. Ross therefore characterizes the new federal record principally as exculpatory evidence bearing on the legality and factual integrity of the seizure/search process, while acknowledging that its impeachment use alone would face Ruiz.
ARGUMENT III THE FBI RECORD IS ARGUABLY EXCULPATORY, NOT MERELY GENERIC IMPEACHMENT
The October 19, 2021 federal record concerns the same arrest, the same phone, and participating New Rochelle detectives. It attributes a pocket-to-roof seizure to Detective Herring and a roof-to-driver's-seat movement to Detective Geralis. The state warrant papers attributed to Geralis describe the phone as recovered on the ground near Ross. A contemporaneous contradiction about the physical origin and movement of evidence can support more than a character attack: it can support a challenge to the accuracy of a warrant application, chain of custody, investigative reliability, and the completeness of the factual record presented during suppression litigation.
The materiality inquiry must consider the suppressed evidence collectively and in context. See Kyles v. Whitley, 514 U.S. 419, 436-37 (1995). United States v. Mahaffy, 693 F.3d 113, 127-33 (2d Cir. 2012), likewise demonstrates that records held by another government agency can be Brady material where they materially contradict central government proof and are sufficiently connected to the prosecution.
ARGUMENT IV THE REVISED CONNECTICUT DECLARATION UNDERMINES ONE EXPRESS FACTUAL PREMISE, BUT

---

THE COURT MUST ADDRESS THE INDEPENDENT GROUNDS SEPARATELY

The September 21, 2023 order expressly relied in part on information that outstanding Connecticut and Virginia warrants existed and were communicated through the investigative chain. The later Connecticut declaration stating that Ross was arrested in New York on unrelated charges creates a factual tension with the proposition that officers were executing the Connecticut warrant when they approached him. That tension warrants clarification of what the officers actually knew, what warrant was active and extraditable, and what purpose they were pursuing at the moment of the encounter.

But the Court previously identified independent reasonable suspicion from the homicide investigation and independent probable cause arising from Ross's alleged later conduct. Accordingly, the revised Connecticut record is strongest as a basis to reopen the factual record and reassess the totality of circumstances, not as a claim that suppression automatically follows. The Second Circuit also holds that the Fourth Amendment does not incorporate state procedural arrest law. United States v. Bernacet, 724 F.3d 269, 277 (2d Cir. 2013).

ARGUMENT V THE GOVERNMENT SHOULD BE REQUIRED TO ESTABLISH DISCLOSURE, POSSESSION, AND MATERIALITY AT AN EVIDENTIARY HEARING

The Government cannot defeat the claim merely by labeling the record 'state evidence' if federal agents actually created or possessed it. Brady reaches favorable evidence known to those acting on the government's behalf, and the prosecution must disclose material favorable information in its possession or that of the prosecution team. See Kyles, 514 U.S. at 437-38. Avellino itself recognized that questions of actual or constructive government knowledge can require factual development where materiality is otherwise shown.

A focused hearing should determine: (1) when the FBI record and revised Connecticut material were created; (2) which federal prosecutors or agents possessed them; (3) whether and when they were produced to Ross's federal defenders; (4) whether they were present in electronic discovery available to Ross; (5) whether counsel reviewed them; and (6) whether their timely disclosure would reasonably have changed the suppression strategy or Ross's decision to plead guilty.

ARGUMENT VI INEFFECTIVE ASSISTANCE IS AN ALTERNATIVE ROUTE TO PLEA WITHDRAWAL IF COUNSEL POSSESSED BUT FAILED TO USE THE RECORDS

If the Government proves timely disclosure to defense counsel, the constitutional issue shifts rather than disappears. Under Strickland v. Washington, 466 U.S. 668 (1984), Hill v. Lockhart, 474 U.S. 52, 59 (1985), and Arteca, 411 F.3d at 320, counsel performs deficiently when material evidence is unreasonably ignored, and plea prejudice exists where there is a reasonable probability that competent advice and investigation would have caused the defendant not to plead guilty. The present declaration expressly states that Ross would have insisted on investigation and litigation of these records before pleading.

ARGUMENT VII ALTERNATIVELY, THE COURT SHOULD CONSIDER THE NONDISCLOSURE AND UNRESOLVED FACTUAL CONFLICTS AT SENTENCING

If the Court declines to permit withdrawal or reopen suppression, the same circumstances remain relevant to sentencing. Under 18 U.S.C. § 3553(a), the Court must impose a sentence sufficient but not greater than necessary after considering the history and characteristics of the defendant, the nature and circumstances of the offense, respect for law, just punishment, deterrence, and avoidance of unwarranted disparity. The unusual history of overlapping state and federal investigations, the late emergence of government records, and the state court's 20-years-to-life sentence are proper matters for the Court to consider when deciding whether the federal sentence should run concurrently and what term is sufficient.

CONCLUSION

Before imposing sentence, the Court should accept the supplemental submission, order the Government to respond with a disclosure chronology, conduct an evidentiary hearing, and permit withdrawal of the plea if the hearing establishes a material Brady/due-process violation or ineffective assistance that affected the plea. In the alternative, the Court should preserve the claims and give the newly obtained evidence appropriate weight under § 3553(a), including in deciding concurrency.

Dated: Sept 9th, 2026

Respectfully submitted,

P. Ross

Percell Ross
Reg. No. 55370-060
Metropolitan Detention Center
Brooklyn, New York
Defendant, Pro Se

# Certification

I Here to Certify that a Copy a duplicate Copy of the Foregoing was mailed to all Counsel of Record on this 9th day of Sept 2026

- P. Ross

n DETENTION CENTER
Ross
2
11232

MID-ISLAND NY 117
10 SEP 2026 PM 2 L

USA FOREVER

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 16 2026 ★
BROOKLYN OFFICE

Clerk of Court
Eastern District of New york
225 Cadman Plaza East
Brooklyn. N.y. 11201

Legal-mail

11201-183299

METROPOLITAN DETENTION CENTER
80 29TH ST, BROOKLYN, NY 11232
The enclosed letter was processed through
mail procedures for forwarding to you.
The letter has neither been opened nor inspected.
If the writer raises a question or a problem over
which this facility has jurisdiction, you may wish
to return the material for further information
or clarification. If the writer encloses correspondence
for forwarding to another addressee, please
return the enclosure to the above address.